In re M & L BUSINESS MACHINE
COMPANY, INC., Debtor.

Christine L. JOBIN, Trustee of the
Estate of M & L Business Machine
Co., Inc., Plaintiff,

v.

Ray HARPER, Defendant.

Civ. A. No. 93–K–511.

United States District Court,
D. Colorado.

May 5, 1995.

Christine Jobin, Denver, CO, for plaintiff.

Paul Bursiek, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Before me is Defendant Ray Harper's motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 or, in the alternative, for partial summary judgment under Fed. R.Civ.P. 56. Jurisdiction is found under 28 U.S.C. § 1334. I deny the motion.

### I. *Background.*

Harper was one of many investors in the Ponzi scheme of M & L Business Machine Co., Inc. ("Debtor"). The Ponzi scheme collapsed after the Debtor filed its bankruptcy petition on October 1, 1990. On December 15, 1992, Christine J. Jobin, trustee of the bankruptcy estate of the Debtor, filed the complaint in the instant adversary proceeding in the bankruptcy court. Jobin maintains claims under 11 U.S.C. §§ 547 and 548(a)(1).[1] She seeks to recover from Harper transfers of funds which he received from the Debtor during the ninety days and one year preceding the petition date, October 1, 1990.

Harper filed an answer to the complaint on February 16, 1993. He simultaneously moved to withdraw the reference of the complaint to the bankruptcy court and made a demand for jury trial. Pursuant to Bankruptcy Rule 5011(c), the bankruptcy court continued with the administration of the case.

On March 5, 1993, I remanded the adversary proceeding to the bankruptcy court for all pretrial procedures in accordance with the joint administration order dated January 8, 1993. On July 25, 1994, the bankruptcy court approved the joint pretrial statement

---

1. Jobin initially asserted additional claims under 11 U.S.C. §§ 544 and 548(a)(2). She abandoned these claims as part of her response to Harper's original motion filed on April 28, 1994.

filed by the parties and referred the case to the district court for further proceedings.

On February 3, 1994, Bankruptcy Judge Brumbaugh entered his order pursuant to Bankruptcy Rule 7016. The order provided, *inter alia,* all dispositive motions were to be filed by April 29, 1994. On April 28, 1994, Harper filed a motion for partial summary judgment. One of Harper's arguments was that the affirmative defense of recoupment entitled him to a $45,000 credit against Jobin's claim under § 548(a)(1). On May 23, 1994, Judge Brumbaugh heard oral argument on the motion. Harper filed an amended answer to the complaint on May 23, 1994.

On June 29, 1994, Judge Brumbaugh entered his memorandum opinion and order on Harper's motion for partial summary judgment. Judge Brumbaugh declared a "recoupment defense" may be applied to actions under § 548 but held that issues of material fact precluded the entry of summary judgment to the extent requested by Harper.

On July 15, 1994, Harper filed a "Motion for Leave of Court to file a Supplemental Motion for Partial Summary Judgment in View of this Court's June 29, 1994 Memorandum and Order Regarding Recoupment Defense under § 548." On July 18, 1994, Judge Brumbaugh denied Harper's motion as untimely.

On July 29, 1994, I granted the motion to withdraw the reference and set a one day jury trial for June 12, 1995 and a final conference for May 16, 1995.

On September 1, 1994, Harper filed the instant motion for judgment as a matter of law or, in the alternative, motion for partial summary judgment. On October 4, 1994, Jobin filed an objection to the motion and on October 11, 1994, Harper filed a reply.

II. *Motion for Judgment as a Matter of Law, or in the alternative, Motion for Partial Summary Judgment.*

Harper states the crux of his instant motion as follows:

Consequently, based on Judge Brumbaugh's June 29, 1994 Memorandum and Order holding that Harper may assert the recoupment defense against Jobin's 548(a)(1) claims, the scope and detail of the facts contained in Harper's Supplemental Motion for Partial Summary Judgment in support of his claim for a $45,000 credit under his recoupment defense, and the stipulation of the parties to these facts in their Joint Pretrial Statement, Harper submits that there is no legally sufficient evidentiary basis for a reasonable jury to find for Jobin and against Harper in connection with his recoupment defense. Thus, this Court may rule under Fed. R.Civ.P. 50. Also, there is no genuine issue of material fact regarding Harper's recoupment defense. Therefore, this Court may rule regarding the same issue under Fed.R.Civ.P. 56.

(Mot. J. Matter Law, alternative, Mot. Partial Summ. J. ¶ 8) (references to exhibits omitted).

█ In essence, Harper asks me to address the issues raised in his July 15, 1994 "Motion for Leave of Court to file a Supplemental Motion for Partial Summary Judgment in View of this Court's June 29, 1994 Memorandum Opinion and Order Regarding Recoupment Defense under § 548." Harper considers the grounds for his motion are bolstered by the stipulation by the parties to certain facts in their joint pretrial statement.

On February 3, 1994, Judge Brumbaugh entered an order pursuant to Bankruptcy Rule 7016, providing that all dispositive motions were to be filed by April 29, 1994. Judge Brumbaugh denied Harper's July 15, 1994 motion as untimely. So too, inasmuch as Harper now seeks partial summary judgment under Rule 56, his request should be denied as untimely.

█ Harper's motion for judgment as a matter of law under Rule 50 at this stage of proceedings is anomalous. The rule provides in pertinent part as follows:

(a) **Judgment as a Matter of Law**

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim

or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

 Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such motion shall specify the judgment sought and the facts on which the moving party is entitled to judgment.

Fed.R.Civ.P. 50.

In the instant motion, Harper asserts "this Court may rule regarding the issue of the $45,000 credit as a matter of law under Fed. R.Civ.P. 50." (Mot. J. Matter Law, alternative, Mot. Partial Summ. J. ¶ 9.) Harper cites no authority suggesting that a Rule 50 motion for judgment as a matter of law may be made before trial. Nor do I find any.

Motions for judgment as a matter of law in jury trials are governed by the same standard as summary judgment motions, i.e. judgment may be entered for the moving party only if there are no genuine issues of material fact to be resolved by the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). " 'The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while [motions for judgment as a matter of law] are made at trial and decided on the evidence that has been admitted.' " *Id.* (quoting *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n. 11, 103 S.Ct. 2161, 2171 n. 11, 76 L.Ed.2d 277 (1983)).

A motion for judgment as a matter of law, formerly termed a motion for a directed verdict, was changed by amendment in 1991. However, the change in name does not affect the substance of the rule. *Gibson v. City of Cranston*, 37 F.3d 731, 734 n. 3 (1st Cir. 1994). As the earlier nomenclature suggests, a motion for judgment as a matter of law can only be made at a jury trial, after evidence has already been admitted, and before the case has been submitted to the jury. The rule itself provides for such motion "during a trial by jury" and "before submission of the case to the jury." Fed.R.Civ.P. 50(a), (b). Case law confirms this. *See, e.g. Gibson*, 37

F.3d at 735 ("[w]hen confronted with a motion for judgment as a matter of law, whether at the end of a plaintiff's case or at the close of all the evidence, a trial court must scrutinize the proof and the inferences reasonably to be drawn therefrom in the light most amiable to the nonmovant.")

Here, the jury trial has not commenced. Harper may not, pre-trial, seek summary judgment in the guise of a motion for judgment as a matter of law. Accordingly, insofar as the motion seeks such relief, it is denied.

### III. *Conclusion.*

For the aforesaid reasons, without reaching the merits of Harper's motion for judgment as a matter of law or, in the alternative, motion for partial summary judgment, I deny the same. Accordingly,

IT IS ORDERED THAT Harper's Motion for Judgment as a Matter of Law or, in the alternative, Motion for Partial Summary Judgment is DENIED.